IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, <br> 1015 15th Street NW, Suite 600 <br> Washington, DC 20005 <br><br> and <br><br> AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br> 400 Maryland Avenue SW <br> Washington, DC 20202 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 20-cv-2254 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1.  Plaintiffs National Student Legal Defense Network ("Student Defense") and American Oversight bring this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

1

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity, and to ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

7. Defendant the U.S. Department of Education ("ED") is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ED has possession, custody, and control of the records that Plaintiffs seek.

## STATEMENT OF FACTS

8. In June 2020, Student Defense and American Oversight (jointly, "Requestors") submitted FOIA requests to ED regarding performance agreements and bonus evaluations set by the Higher Education Act.

*Performance Agreements FOIA*

9. On June 11, 2020, Requestors submitted a FOIA request to ED seeking performance agreements between the Education Secretary and the Chief Operating Officer of Federal Student Aid.

10. Specifically, the request sought:

> All performance agreements the Education Secretary has entered into with the Chief Operating Officer of Federal Student Aid from Fiscal Year 2018, Fiscal Year 2019, and Fiscal Year 2020, as required by section 141(d)(4)(A) of the HEA, 20 U.S.C. § 1018 (d)(4)(A). Please note that the HEA requires that these agreements be made public. HEA § 141(d)(4)(b), 20 U.S.C. § 1018 (d)(4)(B).
>
> Given this request seeks a small volume of readily-identifiable documents, and that disclosure of those documents is *required* by federal law, Student Defense and American Oversight expect that this request will be assigned to the Simple processing track and that a response will be made promptly.

11. The request sought records from August 1, 2017, through the date of the search.

12. On June 12, 2020, ED acknowledged receipt of the request and assigned the request tracking number 20-01798-F.

13. On June 30, 2020, ED informed Requestors that, due to unusual circumstances that exist with the FOIA request, the agency would not be able to respond within the 20 day statutory time frame, as the scope of the request "requires the Department to conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records."

14. On July 17, 2020, a representative for Requestors reached out to ED inquiring whether the agency could provide an estimated date by which it planned to respond to the FOIA request, as it sought "very limited and specific records."

15. Requestors have not received any further communication from ED regarding this request.

*Bonus Evaluations FOIA*

16. On June 11, 2020, Requestors submitted a FOIA request to ED seeking performance evaluations and bonus payments made to the Chief Operating Officer of Federal Student Aid.

17. Specifically, the request sought:

   1. Records sufficient to show any bonus payments made to the Chief Operating Officer of Federal Student Aid in or for the Fiscal Year 2018, Fiscal Year 2019, and Fiscal Year 2020.

   2. All evaluations of the performance of the Chief Operating Officer of Federal Student Aid for the Fiscal Year 2018, Fiscal Year 2019, and Fiscal Year 2020.

   3. Records reflecting the transmission to congressional authorizing committees of the performance agreements entered into with the Chief Operating Officer of Federal Student Aid in or for the Fiscal Year 2018, Fiscal Year 2019, and Fiscal Year 2020. Cover letters and emails communicating or otherwise transmitting the agreements to the authorizing committees – the U.S. Senate Health, Education, Labor, and Pensions (HELP) Committee and the U.S. House of Representatives Committee on Education and Labor – are respons[iv]e to this request.

18. The request sought records from August 1, 2017, through the date of the search.

19. On June 12, 2020, ED acknowledged receipt of the request and assigned the request tracking number 20-01799-F.

20. On June 29, 2020, ED informed Requestors that the agency would be unable to respond to the request within 20 working days.

21. On July 17, 2020, a representative for the requestors reached out to ED inquiring whether the agency could provide an estimated date by which it planned to respond to the FOIA request, as it sought "very limited and specific records."

22. On July 20, 2020, ED responded to the request for an update by stating that the agency was still in the process of conducting a search for responsive records.

23. Requestors have not received any further communication from ED regarding this request.

*Exhaustion of Administrative Remedies*

24. As of the date of this complaint, ED has failed to (a) notify Plaintiffs of any determination regarding its FOIA requests, including the scope of any responsive records ED intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

25. Through ED's failure to respond to Plaintiffs' FOIA requests within the time period required by law, Plaintiffs have constructively exhausted their administrative remedies and seek immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

26. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

27. Plaintiffs properly requested records within the possession, custody, and control of ED.

28. ED is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

29. ED has failed to promptly review agency records for the purpose of locating those records which are responsive to Plaintiffs' FOIA requests.

30. ED's failure to conduct an adequate search for responsive records violates the FOIA.

31. Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiffs' FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

32. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

33. Plaintiffs properly requested records within the possession, custody, and control of ED.

34. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

35. ED is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to produce non-exempt records responsive to Plaintiffs' FOIA requests.

36. ED is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA requests.

37. ED's failure to provide all non-exempt responsive records violates the FOIA.

38. Plaintiffs are therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to Plaintiffs' FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive Plaintiffs' FOIA requests;

(4)     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5)     Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: August 17, 2020                                   Respectfully submitted,

*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574
*/s/ Daniel McGrath*
Daniel McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 919-6303
emma.lewis@americanoversight.org
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiffs*

*/s/ Alice W. Yao*
Alice W. Yao
D.C. Bar No. 493789
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
202-734-7495
alice@defendstudents.org

*Counsel for Plaintiff National Student Legal Defense Network*